UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH MOORE,<br><br>     Petitioner,<br><br>  v.<br><br>ANDREA EVANS,<br>CHAIRWOMAN, NYS DIVISION OF PAROLE<br>     Respondent. | 10 Civ. 8105 (LBS)<br><br>**MEMORANDUM**<br>**& ORDER** |

SAND, J.

*Pro se* petitioner Kenneth Moore also known as James Jackson petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is being held in state custody in violation of his federal constitutional rights. Specifically, Moore challenges his detention stemming from a conviction following a guilty plea for criminal sale of a controlled substance in the third degree, New York Penal Law § 220.39. Moore's "one and only claim" is that "prosecution denied him his right to testify before the grand jury" by lying about whether his then-lawyer withdrew his request to appear before the grand jury, which he argues violated his Fifth Amendment right under the United States Constitution. Pet'r's Pet. at 1. Because a guilty plea forecloses collateral challenges to grand jury proceedings as a matter of law and because there is no federal constitutional violation created by errors in state grand jury proceedings, Moore's petition is denied.

I. **Background**

Moore was arrested for selling cocaine on July 6, 2006. Moore filed a motion to appear before the grand jury. However, according to the prosecution, Moore's then-attorney told the prosecution that Moore "freely and willingly decided not to testify before the grand jury."

1

Resp't's Decl. in Opp. to the Pet. Ex. G at 1. As a result, Moore did not appear before the grand jury. Thereafter, Moore repeatedly objected to having his right to testify before the grand jury waived, claiming that he had never told his attorney that he did not want to testify. *See, e.g.*, Resp't's Decl. Ex. H at 4 ("[D]efendant never . . . indicated . . . that he didn't want to appear before grand jury."); Resp't's Decl. Ex. A at 4 ("The attorney . . . unbeknownst to me, waived my right to appear before the grand jury . . . ."). Moore pled guilty to criminal sale of a controlled substance in the third degree. Resp't's Decl. Ex. J.

Moore appealed in part on the grounds that his right to testify before the grand jury had been denied. The First Appellate Division unanimously affirmed the conviction. *People v. Moore*, 878 N.Y.S.2d 6 (N.Y. App. Div. 2009). The Court of Appeals denied leave to appeal to Moore. *People v. Moore*, 912 N.E.2d 1080 (N.Y. 2009).

Moore filed a petition for a writ of habeas corpus on Oct. 14, 2010, claiming that "[t]he only argument he brings to this court is that prosecution denied him his right to testify before the grand jury," Pet'r's Pet. at 8 (emphasis removed), by lying about whether his then-lawyer withdrew his cross-motion to appear before the grand jury. Moore alleges (1) that his testimony would have established an alibi that he was not near the sale of drugs and (2) that he would have called the three alleged drug buyers to deny that they bought drugs from Moore. Pet'r's Reply at 8.

**II.   Discussion**

Under the law of the Second Circuit and this District, any problems with state grand jury proceedings prior to a guilty plea, including failure to allow a defendant to testify, cannot be reached on habeas corpus review. *See Davis v. Mantello*, 42 F. App'x 488, 490 (2d Cir. 2002) ("Claims of deficiencies in state grand jury proceedings are not cognizable in a habeas corpus

proceeding in federal court."); *see also King v. Greiner*, No. 02 civ. 5810, 2008 WL 4410109, at *47 & n.61 (S.D.N.Y. Sept. 26, 2008) (listing additional sources), *aff'd*, 2009 WL 2001439 (S.D.N.Y. July 8, 2009), *aff'd*, 453 F. App'x 88 (2d Cir. 2011); *Alston v. Ricks*, No. 01 civ. 9862, 2003 WL 42144, at *7 (S.D.N.Y. Jan. 7, 2003) ("[A] guilty plea extinguishes the ability of a habeas petitioner to raise a claim regarding misconduct before a grand jury.").

In this case, the errors in the state grand jury proceeding alleged by Moore—not being allowed to appear or to call witnesses—are rendered harmless by the defendant's admission of guilt in the guilty plea and because on habeas corpus review, "[i]t is well established that we 'may only overturn a state conviction when that conviction was obtained in violation of a federal constitutional right.' . . . There is no dispute that 'there is no constitutional right to appear before a grand jury.'" *Lemons v. Parrott*, No. 01 civ. 9366, 2002 WL 850028, at *5 (S.D.N.Y. May 2, 2002) (quoting *Einaugler v. Supreme Court of N.Y.*, 109 F.3d 836, 842 (2d Cir. 1997), and *Steed v. State of N.Y. Exec. Dep't of Parole*, No. 00 civ. 2293, 2000 WL 1593342, at *8 (S.D.N.Y. Oct. 25, 2000)); *see also United States v. Williams*, 504 U.S. 36, 52 (1992) ("[N]either in this country nor in England has the suspect under investigation by the grand jury ever been thought to have a right to testify or to have exculpatory evidence presented."). Not only is there no federal right to appear before a state grand jury, there is no federal right to a grand jury in state proceedings at all. *Hurtado v. California*, 110 U.S. 516 (1884); *see also MacDonald v. City of Chicago*, 130 S. Ct. 3020, 3094 (2010) (Stevens, J., dissenting) (noting that the right to a grand jury has not been applied to the states).

In his reply brief, Moore argued that the standard of review should be based on 28 U.S.C. § 2254(d)(2). Pet'r's Reply at 1 (quoting 28 U.S.C. § 2254(d)(2)). However, § 2254(d)(2) is not a standard of review. Section 2254(d)(2) prohibits issuing the writ "unless the adjudication of

the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Section 2254(d)(2) allows the issuance of a writ if it is determined that a lower court made an incorrect factual determination, but "[i]t does not repeal the command of § 2254(a) that habeas relief may be afforded to a state prisoner 'only on the ground' that his custody violates federal law." *Wilson v. Corcoran*, 131 S. Ct. 13, 16–17 (2010). Even if the state courts were unreasonably wrong in determining the fact that Moore or Moore's lawyer had waived his right to testify before the grand jury, Moore alleged no violation of federal law.

Because there is no violation of a federal constitutional right alleged, we must deny Moore's petition.

### III. Conclusion

For the foregoing reasons, the petition is **DENIED**.

SO ORDERED.

Dated: August 15, 2012
New York, NY

_____
U.S.D.J.